IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JASON EMANUEL SPARKS, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL NO. 5:14-CV-352 MTT-MSH |
| OFFICER JOHNSON, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendants' pre-answer motion to dismiss the Complaint. (ECF No. 15.) Also pending are Plaintiff's motion for temporary restraining order (ECF No. 6), motion for appointment of counsel (ECF No. 7), and motion to amend (ECF No. 8). For the reasons explained below, it is recommended that Defendants' motion to dismiss be granted, Plaintiff's motion for temporary restraining order be denied, and Plaintiff's motion for appointment of counsel and motion to amend be denied as moot.

## BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983 against three prison officials claiming that they violated his Eighth Amendment right to be free from cruel and unusual punishment. Compl. 9-11, ECF No. 1. Specifically, Plaintiff alleges that on July 9, 2014, around 9:30 a.m., immediately after coming out of the shower, he asked Defendants Johnson and Stephenson to allow him his daily hour outdoor recreation time in the "recreation cage." Compl. 6. He states that he requested to be able to get a pair of socks

and T-shirt, to wear while in the cage, but was told that he did not need them. *Id.* Plaintiff contends that he told Defendants Johnson and Stephenson to be sure to collect him within the hour because he had been in lockdown for the past nine months and had little exposure to sunlight during this time. *Id.* Despite this specific request, Plaintiff alleges that he was not removed from the recreation cage until around 5:15 p.m. *Id.* at 8. He states that during this time, Defendant Wolfolk walked by the recreation cage and Plaintiff asked that Defendant Wolfolk take him out and get him medical treatment. Defendant Wolfolk refused. *Id.* at 7.

Upon being removed from the recreation cage by Officer Jefferson and Cadet Walker, Plaintiff communicated a need for medical attention and was escorted to his cell. *Id.* at 8. About 30 minutes after being escorted to his cell, Plaintiff was taken to the medical wing by Officers Jackson and Smith when he encountered Defendants Johnson and Stephenson who sternly told Plaintiff, "[W]hen you get in medical and they ask you how long you were outside you make sure you tell them no more than an hour." *Id.* Plaintiff insists that he complied with this request by the officers when prompted about how long he had been outside. *Id.* Plaintiff further alleges that he was diagnosed with second degree burns and had to undergo treatments before being release back to his unit on July 21, 2014. *Id.*

Plaintiff filed a grievance for the incident occurring on July 9, 2014, but this grievance was denied. Def.'s Br. in Supp. of Mot. Dismiss 2, ECF No. 15-1. Plaintiff filed this civil action on October 6, 2014. Compl. 12. Plaintiff then filed an appeal of the grievance on November 4, 2014, where he stated that he had already filed a civil action for

his claim.

After a preliminary review of his Complaint, Plaintiff's Eighth Amendment claims were allowed to go forward against Defendants Stephenson, Johnson, and Wolfolk.[1] Plaintiff thereafter sought appointment of counsel, to amend to attach a number of exhibits to his Complaint, and for a temporary restraining order prohibiting Defendants from being around Plaintiff. Defendants move to dismiss for failure to exhaust. These motions are ripe for review. As is explained in detail below, it is recommended that Defendants' motion be granted and Plaintiff's motions be denied.

## DISCUSSION

### I.  Defendants' Motion to Dismiss for Failure to Exhaust

Defendants move to dismiss for Plaintiff's failure to exhaust his administrative remedies prior to filing this action. Defs.' Br. in Supp. of Mot. to Dismiss 6, ECF No. 15-1. The Court finds that Plaintiff failed to exhaust his administrative remedies. Consequently, Plaintiff's Complaint should be dismissed.

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its

---

[1] Defendant Wolfolk was not properly served in this action because he no longer works for the Georgia Department of Corrections.  *See* Wolfolk Process Receipt & Return 1-2, ECF No. 13. Plaintiff failed to provide the Court with an alternative address for Defendant Wolfolk. Regardless, Defendants Stephenson and Johnson move to dismiss for lack of exhaustion. The same exhaustion analysis applies to Defendant Wolfolk and provides for dismissal, so the Court has not attempted to cure the service defect.

3

prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id*. at 1376.

In *Smith v. Terry*, 491 F. App'x 81 (11th Cir. 2012), the Eleventh Circuit affirmed the dismissal of a prisoner's § 1983 claim for failure to exhaust his administrative remedies under § 1997e(a). The court there reaffirmed that it interprets "the term 'brought'—as used in section 1997e(a)—to mean 'the filing or commencement of a lawsuit, not . . . its continuation.'" *Id*. at 83 (quoting *Harris v. Garner,* 216 F.3d 970, 974 (11th Cir. 2000) (*en banc*)). Therefore, the court found, "[t]he only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Id*. Thus, for a plaintiff to properly exhaust his administrative remedies he must complete the grievance process before filing the lawsuit. The fact that he may have subsequently completed the grievance process after filing the Complaint does not save the claim from dismissal under § 1997e(a).

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the

4

court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id*. If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id*. "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. The defendant bears the burden of proof during this second step. *Id*.

Defendants show that Macon State Prison has a grievance procedure which was in place at the time of the alleged violations. Defs.' Br. in Supp. of Mot. to Dismiss 6, ECF No. 15-1. The procedure is a two-step process requiring a formal grievance and an appeal with the GDOC Central Office. *Id.* Defendants state that a review of Plaintiff's grievance history shows that Plaintiff timely filed a grievance (#177166) concerning the events that occurred on July 9, 2014. *Id.* Grievance #177166 was denied on Oct. 29, 2014. *Id*. Plaintiff appealed that decision in November 2014, and his appeal was denied on December 30, 2014. *Id*. Defendants argue that based on this timeline, it is clear that Plaintiff had not properly exhausted the grievance procedure on the date he filed this lawsuit, October 6, 2014.[2] *Id.*

Plaintiff's response does not contradict Defendants' version of the facts. Plaintiff states that he filed grievance # 177166 on July 12, 2014. Pl.'s Resp. 1, ECF No. 21. He

---

[2] The Court notes that the Complaint was filed on October 6, 2014, but was signed on September 25, 2014. For purposes of the exhaustion analysis in this case, the difference in the date of filing under the mailbox rule is irrelevant. Since the parties refer to the October date as the "filing date," the Court also uses that date in its analysis.

5

admits that he then filed this action before receiving a response about his grievance. *Id*. at 2. Notably, Plaintiff states that he filed his civil action because he had not received a response within the 40 day standard period for the grievance process. *Id*. Although he finally received the denial of his grievance on Oct. 29, 2014, and appealed immediately, he had an opportunity to appeal his grievance prior to receiving a decision after the standard period had elapsed. Def. Reply Supp. Mot. to Dismiss 2, ECF No. 24; Cladd Aff. ¶ 10 & Ex. 1 at 11-12, ECF Nos. 15-2, 15-3. Specifically, an inmate may appeal after the time allowed for the Warden's decision to be given to the offender has expired. Cladd Aff. ¶ 10 & Ex. 1 at 11-12.

At the first step of the exhaustion analysis, the Court is to look to the Defendant's contentions and Plaintiff's response to see if they factually conflict. In this case, the two accounts do not conflict. Plaintiff admits that he did not file an appeal of his grievance prior to filing this action. The fact that Plaintiff misunderstood his ability to appeal does not change the result. Plaintiff failed to exhaust his administrative remedies with regard to his claims prior to filing this lawsuit. It is therefore recommended that the Complaint be dismissed without prejudice.

## II.     Plaintiff's Motion for Temporary Restraining Order/Injunction

Plaintiff seeks injunctive relief against Defendants. Pl.'s Mot. for Temp. Restr. Order, ECF No. 6. Such relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction

would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted). As detailed above, the Court finds that Plaintiff's claim should be dismissed. Therefore, Plaintiff has failed to show a "substantial likelihood of success on the merits." Accordingly, it is recommended that Plaintiff's motion for injunctive relief (ECF No. 6) be denied.

### III.  Plaintiff's Motion to Appoint Counsel and Motion to Amend

Plaintiff also filed a motion to appoint counsel and a motion to amend his Complaint. In his motion to amend, Plaintiff merely seeks to attach several exhibits to his Complaint. Because it is recommended that Plaintiff's Complaint be dismissed for failure to exhaust, it is likewise recommended that these motions be denied as moot.

### CONCLUSION

For the reasons explained above, it is recommended that Defendants' motion to dismiss the complaint (ECF No. 15) be granted. It is further recommended that Plaintiff's motion for injunctive relief (ECF No. 6) be denied and Plaintiff's motion for appointment of counsel (ECF No. 7) and motion to amend (ECF No. 8) be denied as moot. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 4th day of June, 2015.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE